# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ALVIN C. ENDSLEY**
**United States Army, Appellant**

ARMY 20130052

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel John A. Hamner, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Aaron R. Inkenbrandt, JA (on brief); Colonel Kevin Boyle, JA; Lieutenant Colonel Jonathan F. Potter, JA; Captain Aaron R. Inkenbrandt, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Kenneth W. Borgnino, JA; Captain Ryan D. Pyles, JA (on brief).

28 January 2015

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of wrongful use of marijuana and larceny, in violation of Articles 112a and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only five months of confinement but otherwise approved the adjudged sentence.

On 17 October 2014, we affirmed only so much of the Specification of The Charge as extended to larceny of a value less than $500.00. We affirmed the remaining findings and sentence. *United States v. Endsley*, 73 M.J. 909 (Army Ct. Crim. App. 2014). On 14 January 2015, the Court of Appeals for the Armed Forces

ENDSLEY—ARMY 20130052

(CAAF) reversed our decision as to The Charge and its Specification (larceny) and the sentence, setting aside the findings of guilty to The Charge and its Specification. *United States v. Endsley*, __ M.J. __, 2015 CAAF LEXIS 52 (C.A.A.F. 14 Jan. 2015) (summ. disp.). Our superior court affirmed the remaining findings. The CAAF remanded this case to this court, authorizing us to either dismiss The Charge and its Specification and reassess the sentence based on the affirmed findings or order a rehearing on the affected charge and specification and the sentence.

The CAAF remanded this case because the charge sheet, stipulation of fact, and the providence inquiry focused on the soldier as the victim of the larceny, and there was no discussion on the record of whether the merchants were victimized. *See United States v. Lubasky*, 68 M.J. 260 (C.A.A.F. 2010). As authorized by our superior court, we now order a rehearing on the affected charge and specification and the sentence.

**CONCLUSION**

The record of trial is returned to the same or a different convening authority for action consistent with this decision and the CAAF's order.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2